CHARLES BOLAND, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Larceny — evidence as to stealing property other than that charged in indictment — when inadmissible.*

Plaintiff in error was indicted and tried for stealing rope from a vessel named in the indictment. Upon the trial a witness was allowed to testify that another rope, found with that charged in the indictment to have been stolen, had been stolen from another vessel; no evidence was given as to the time this rope was stolen, or which tended to show it had ever been in the prisoner's possession. *Held*, that the evidence was improperly admitted.

WRIT OF ERROR to the Recorder's Court, of the city of Oswego, to review the conviction and sentence of the plaintiff in error of petit larceny. The property described in the indictment was rope taken from the vessel "Mystic Star."

*J. B. Higgins,* for the plaintiff in error.

*B. F. Chase,* district attorney, for the defendants in error.

HARDIN, J.:

The plaintiff in error was indicted with one Cavanah for stealing ropes from the schooner "Mystic Star," in the city of Oswego. The proof tended to show that they were seen in the

vicinity of the schooner about the time the property was stolen. It was taken some 150 feet from the schooner and concealed in a hole under a building. From there it was taken to a junk shop and sold by Cavanah to one Brown. The plaintiff in error was not shown to have sold it, or to have taken any part in its removal to Brown's. There was evidence sufficient to submit to the jury the questions, as to whether the property seen in the hole was the property found at Brown's, and as to whether it was the property which came from the schooner " Mystic Star."

The People called, as a witness, one Delarum, and he gave evidence in regard to a piece of rope which he took to be a piece of the boom pennant from off the vessel "M. J. Cummings." It was not shown that the boom pennant was ever in the possession of the prisoner. Delarum was asked if the rope was stolen by somebody from his vessel. This was objected to, and allowed against the prisoner, and he took an exception. The witness stated it was stolen from his vessel. The witness then stated that he did not see any of the rope at the hole or junk shop. He also said in respect to the rope he saw at the police office, viz.: " I did not see anything there long enough that I could testify to, only this piece [pointing to a piece of rope three feet long, in witness' hand], and this, according to the best of my belief, is ' M. J. Cummings' ' floating pennant.' " The prisoner's counsel asked to have this evidence stricken out, and the court refused, and the prisoner took an exception. There was no evidence given, showing when the property was taken from the " M. J. Cummings," nor was there any direct or positive evidence showing the property in the possession of the prisoner.

The learned district attorney for the People insists that this evidence was competent, and properly admitted by the court. He refers us to numerous cases, to the effect that where a party is indicted for receiving stolen property, evidence of similar goods to those described in the indictment being in the possession of the prisoner, and which had been stolen, is admissible. (*Copperman* v. *People*, 1 Hun, 15; *S. C.*, affirmed, 56 N. Y., 591.) In all these cases, the evidence was received for the purpose of fixing a guilty knowledge in the prisoner that the goods were stolen, which he received. But to warrant the introduction of such evi-

dence, there must be such a close connection of facts and circumstances, as that a natural inference may be drawn, that if a prisoner knew one article was stolen, he would also be chargeable with knowledge that the other was. (*Coleman* v. *People*, 55 N. Y., 91; opinion by ALLEN, J.; *People* v. *Spielman*, 20 Alb. Law Jour., 96.)

The learned district attorney also cites us to section 650 of Wharton's Criminal Law [6th ed.] That section states, that on a trial for larceny, "when identity is in question, evidence is admissible to show that *other property*, which had been *stolen at the same time, was in the possession* of the defendant at the time he *was in possession* of the property charged in the indictment."

But, in the case in hand, there was no sufficient evidence that the boom pennant from off the "M. J. Cummings" was ever in the possession of the prisoner. Indeed, the evidence is very slight that the property charged in the indictment to have been stolen was ever in the possession of the prisoner, though, as before stated, there was sufficient to require the question, in respect to it, to be submitted to the jury. But it was so slight that we cannot say that the jury would have convicted the prisoner, if the evidence, as to the boom pennant had not been submitted also to the jury.

We cannot, therefore, disregard the error, in the court, in receiving evidence in respect to property not charged in the indictment to have been stolen by the prisoner. The case of *Bielschofsky* v. *People* (3 Hun, 40), was one in respect to false pretences, and is distinguishable from this one, as the evidence of other cotemporaneous representations, than those stated in the indictment, were received for the purpose of establishing guilty knowledge in the prisoner of those charged in the indictment. The case of the *People* v. *Caryl* (3 Park. C. R., 327) is not in point. The prisoner was indicted for an assault in an alleged improper removal of a passenger from a railroad car. The defence was that he had been guilty of disorderly conduct on his whole trip, and it was held that evidence thereof was admissible, as bearing upon the propriety of his removal from the car of the defendant. If the prisoner, in the case before us, had been shown to have sold the goods charged in the indictment, and also prop-

erty which was stolen from the vessel " M. J. Cummings," another question would have been presented, and one which, under the authority of *Weyman* v. *The People* (11 Sup. C. R. [4 Hun], 511), might, perhaps, have been resolved in favor of the prosecution.

In the case before us, we cannot say that under any exception to the general rule, that where a prisoner is charged with one crime, evidence tending to show him guilty of another cannot be received, the ruling was correct. (*People* v. *Casey*, 72 N. Y., 394.) The evidence objected to, and retained against the prisoner's exception, should have been rejected. Although the jury might have convicted if such evidence had not been received, we cannot usurp the province of the jury and disregard the error.

We must, therefore, reverse the judgment and conviction, and award a trial *de novo* in the Recorder's Court of the city of Oswego, to which court the proceedings must be remitted, with directions for a new trial.

TALCOTT, P. J., and SMITH, J., concurred.

Conviction and judgment reversed, and proceedings remitted to the Recorder's Court of the city of Oswego, with directions for a new trial.